IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALYSSA COLA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 21-555 |
| | § | |
| AMERICAN LANDMARK MANAGEMENT, LLC, | § | |
| | § | |
| | § | |
| Defendants. | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

For her Original Complaint against Defendant American Landmark Management, LLC under the Americans with Disabilities Act, as amended, and the Texas Commission on Human Rights Act (TCHRA), Plaintiff Alyssa Cola shows the following:

### Introduction

This is an action for disability discrimination under the Americans with Disabilities Act, as amended through the Americans with Disabilities Act Amendments Act, and the Texas Commission on Human Rights Act. Plaintiff suffers from epilepsy, and while employed by Defendant as a leasing agent at one of Defendant's apartment complexes in San Antonio, Texas, suffered a seizure. Plaintiff requested three days off to convalesce as per doctor orders. Defendant refused to grant Plaintiff the requested accommodation and instead discharged her from employment. By doing so, Defendant refused to provide Plaintiff with reasonable accommodation and discharged Plaintiff because of her disability and/or in retaliation for having requested reasonable accommodation.

## Parties

1. Plaintiff Alyssa Cola is a natural person residing at 13711 Pebble Ranch, San Antonio, Texas 78249. She may be served with papers in this case through the undersigned counsel.

2. Defendant American Landmark Management, LLC is a limited liability company organized under the laws of the State of Delaware. Its principal place of business is located at 1331 South Killian Drive, Suite A, Lake Park, FL 33403. It may be served with process through its registered agent, CT Corporation System at 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

## Jurisdiction

3. The Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. Section 1331 because Plaintiff's claims arise under federal statutes, the Americans with Disabilities Act and the Americans with Disabilities Act Amendments Act. The Court possesses supplemental jurisdiction over Plaintiff's claim under the TCHRA. The Court possesses personal jurisdiction over the Defendant because Defendant is registered to do business in the State of Texas, because Defendant maintains offices in the State of Texas, and because Defendant continuously conducts business in Texas. Venue is proper in the Western District of Texas because substantial part of the events giving rise to Plaintiff's claims occurred within the San Antonio Division of the Western District of Texas.

## Factual Background

4. Plaintiff was formally diagnosed with epilepsy in April of 2019. Since that time, she has been on prescribed medication to control her seizures.

5. Starting on or about January 13, 2020, Plaintiff was employed as a leasing agent at Verandas at Shavano, an apartment complex owned and operated by Defendant. Plaintiff was a direct, W-2 employee of Defendant.

6. On Sunday June 21, Plaintiff suffered a grand mal seizure in her sleep. She woke up in the middle of the night and noticed that her tongue was sore. She had saliva and blood on her face so she made a doctor appointment as soon as possible to confirm that she had a seizure.

7. On June 22, Plaintiff went into work and spoke with Melissa, the manager, about what happened that night. Plaintiff informed her that she had a doctor appointment with her neurologist at 2 pm. Melissa instructed Plaintiff to take her lunch at that time and come back into work afterwards. Plaintiff was not feeling well and asked Melissa if she could take a half day off. Melissa told Plaintiff to take the rest of the day off but that Plaintiff would have to make up hours on Tuesday. Tuesdays are Plaintiff's regularly scheduled days off. Plaintiff explained that she will not have a babysitter that day, but she would manage and would report to work as directed.

8. When Plaintiff arrived at her doctor appointment, she was told she owed a cancellation fee for an unrelated June 5 appointment. Plaintiff explained that she could not afford the cancellation fee plus the copay for the visit. So instead, Plaintiff contacted the Teledoc available through her health insurance and consulted a physician who confirmed that Plaintiff did in fact have a seizure. The physician directed that Plaintiff stay home for 3 days and recover from the seizure. The doctor provided an excuse which Plaintiff forwarded to Melissa via text message. Melissa replied, "So you won't be returning today? I'll send the excuse to HR." Melissa called Plaintiff shortly afterwards to ask if Plaintiff would be able to see the neurologist as soon as possible. Melissa went on to tell Plaintiff that she was needed in the office and it is not acceptable to be out for 3 days. Plainitff then asked, "What would happen if I saw my Neurologist and he still

recommends to miss 3 days?" Melissa replied, "You can't work here if you are going to be missing days."

9. On June 23, Plaintiff sent a text message to Melissa requesting three days off as a reasonable accommodation under the American Disability Act. Melissa replied by asking if Plaintiff would like to schedule a call with HR. Plaintiff agreed. The following day, Plaintiff received a call from HR and Melissa. The HR manager advised Plaintiff that she was being discharged for excessive absences.

### Causes of Action: Discrimination and Retaliation in Violation of the Americans with Disabilities Act (ADA), as amended by the Americans with Disabilities Act Amendments Act (ADAAA), and the TCHRA

10. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 9 supra.

11. Plaintiff was a W-2 employee of Defendant. Defendant is an employer within the meaning of both the ADA and the TCHRA because Defendant employed fifteen or more employees in each of twenty or more calendar weeks in both 2020 and 2019.

12. Plaintiff suffered from a disability, epilepsy, that substantially limited her in major life activities. Nevertheless, Plaintiff was qualified to perform the essential function of her job working for Defendant with occasional reasonable accommodation in the event she suffers a grand mal seizure. At all times relevant to Plaintiff's claims, Defendant's manager was aware of Plaintiff's medical condition because Plaintiff herself informed them.

13. On or about June 23, 2020, after suffering a seizure, and after consulting with a physician, Plaintiff requested three days off from work to convalesce as a reasonable accommodation under the ADA. Defendant refused to grant this reasonable request and instead discharged Plaintiff from employment.

14. Plaintiff pleads that Defendant, by refusing Plaintiff's requested accommodation and instead discharging her under the circumstances, Defendant discriminated against Plaintiff because of her disability, failed to provide Plaintiff with reasonable accommodation, and/or retaliated against Plaintiff for requesting reasonable accommodation.

15. As a result of her wrongful and illegal termination from employment, Plaintiff has suffered lost wages and benefits, and she will likely continue suffering these loses in the future. Plaintiff now sues for these damages. Additionally, Plaintiff has suffered emotional distress, mental anguish, and humiliation for which she also sues. Finally, because Defendant acted with malice, or at least with reckless indifference towards Plaintiff's legally-protected rights,

16. Lastly, because Plaintiff has been forced to retain legal counsel to vindicate her legal rights, Plaintiff is entitled to an award of attorney fees.

## Jury Demand

17. Plaintiff demands a trial by jury.

## Conclusion and Prayer

18. Plaintiff prays that upon final judgment she be awarded the following:

a. Lost wages and benefits;

b. Compensatory damages;

c. Punitive damages;

d. Attorney fees;

e. Costs of court;

f. Pre- and post-judgment interest; and

g. All other relief to which Plaintiff is entitled

Respectfully submitted,

/s/ Michael V. Galo, Jr.
Michael V. Galo, Jr.
State Bar No. 00790734
Federal Bar No. 19048
GALO LAW FIRM, P.C.
4230 Gardendale, Bldg 401
San Antonio, Texas 78229
Telephone: 210.616.9800
Facsimile:  210.616.9898
Email: mgalo@galolaw.com
ATTORNEY FOR PLAINTIFF
ALYSSA COLA