## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| ALYSSA COLA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 5:21-cv-00555 |
| § | JURY TRIAL DEMANDED |
| AMERICAN LANDMARK MANAGEMENT, LLC, § | |
| § | |
| Defendant. § | |

## DEFENDANT'S ORIGINAL ANSWER

Defendant American Landmark Management, LLC ("Defendant" or "American Landmark") answers Plaintiff's Original Complaint (the "Complaint") as follows:

### Introduction

The "Introduction" to the Complaint describes the purported basis for the claims asserted in the Complaint and requires neither admission nor denial by Defendant. To the extent this paragraph is construed to allege some liability or wrongdoing on the part of Defendant, such allegation is denied, and Defendant further denies that Plaintiff is entitled to any recovery from it.

### Parties

1. Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 1 of the Complaint and, accordingly, denies those allegations.

2. The allegations in Paragraph 2 of the Complaint are legal conclusions and require neither admission nor denial by Defendant.

### Jurisdiction

3. Defendant admits that subject matter jurisdiction, personal jurisdiction, and venue are proper in this Court. To the extent the allegations in this paragraph imply liability in any way,

such allegation is denied.

## Factual Background

4. Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 4 of the Complaint and, accordingly, denies those allegations.

5. Defendant denies that it employed Plaintiff starting on January 13, 2020 and that it employed Plaintiff as a "leasing agent." Defendant admits the remaining allegations in Paragraph 5 of the Complaint.

6. Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 6 of the Complaint and, accordingly, denies those allegations.

7. Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 7 of the Complaint and, accordingly, denies those allegations.

8. Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 8 of the Complaint and, accordingly, denies those allegations.

9. Defendant admits that Plaintiff's employment was terminated on June 24, 2020 during a phone call from a representative of American Landmark's human resources and Plaintiff's manager, Melissa Martinez, for excessive absences. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations in Paragraph 9 of the Complaint and, accordingly, denies those allegations.

## Causes of Action: Discrimination and Retaliation in Violation of the Americans with Disabilities Act (ADA) as amended by the Americans with Disabilities Act Amendments Act (ADAAA), and the TCHRA

10. Defendant incorporates its responses to Paragraphs 1 through 9 of the Complaint as if set forth fully herein.

11. Defendant admits the allegations in Paragraph 11 of the Complaint.

12. Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 12 of the Complaint that "Plaintiff suffered from a disability, epilepsy, that substantially limited her in major life activities" and, accordingly, denies those allegations. Defendant denies the remaining allegations in Paragraph 12 of the Complaint.

13. Defendant is without knowledge or information sufficient to admit or deny the allegations in Paragraph 13 of the Complaint that Plaintiff "suffer[ed] a seizure" and "consult[ed] with a physician" and, accordingly denies those allegations. Defendant admits that it terminated Plaintiff's employment on June 24, 2020. Defendant denies the remaining allegations in Paragraph 13 of the Complaint.

14. Defendant denies the allegations in Paragraph 14 of the Complaint.

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Defendant denies the allegations in Paragraph 16 of the Complaint.

## Jury Demand

17. Paragraph 17 of the Complaint sets forth Plaintiff's demand for a jury trial, which requires neither an admission nor a denial by Defendant.

## Conclusion and Prayer

18. Paragraph 18 of the Complaint sets forth Plaintiff's prayer for relief, which requires neither admission nor denial by Defendant. To the extent that the prayer for relief is construed to allege some liability or wrongdoing on the part of Defendant, such allegations are denied, and Defendant further denies that Plaintiff is entitled to any recovery from it.

## **AFFIRMATIVE AND OTHER DEFENSES**

Defendant asserts the following affirmative and other defenses without assuming any burdens of production, persuasion, or proof that, pursuant to law, are not legally assigned to it and are Plaintiff's burden to prove.

1. Some or all of Plaintiff's claims fail to state a claim upon which relief can be granted.

2. All decisions and actions regarding Plaintiff's employment with Defendant were done in the exercise of proper managerial discretion, in good faith, and based on legitimate, non-discriminatory, non-retaliatory, reasonable business reasons.

3. Defendant would have made the same employment decisions with regard to Plaintiff even in the absence of any alleged impermissible intent and/or retaliatory motive, and any such motive is denied.

4. Plaintiff's claims are barred to the extent that she unreasonably failed to take advantage of preventative or corrective opportunities provided by Defendant and to otherwise avoid harm.

5. Defendant had in place and consistently enforced, and continues to have in place and to consistently enforce, policies and practices reasonably calculated to both prohibit and promptly remedy conduct of the type alleged, and that insofar as the alleged conduct occurred at all, it occurred despite Defendant's good faith efforts to prohibit such conduct and to fully comply with the law.

6. Plaintiff is not a qualified individual with a disability within the meaning of the Americans with Disabilities Act ("ADA") or the Texas Labor Code.

7. Plaintiff fails to state a claim for retaliation because she did not engage in protected conduct.

8. Plaintiff fails to state a claim for disability discrimination because she never apprised Defendant of facts that might have alerted it that she might have needed a reasonable accommodation for any disability.

9. Plaintiff fails to state a claim for disability discrimination because she never requested a reasonable accommodation for any disability.

10. Any improper, illegal, discriminatory, or retaliatory actions by any of Defendant's employees (which Defendant specifically denies occurred), were independent, intervening, and unforeseeable acts that were not ratified, confirmed, or approved by Defendant and thus cannot be attributed or imputed to it.

11. Plaintiff's claims are barred, in whole or in part, as a result of her failure to exercise reasonable care in the mitigation of her damages, if any.  As a result of Plaintiff's failure to exercise due diligence to mitigate her loss, injury, or damages, if any, the amount of damages to which she would otherwise be entitled, if any, should be reduced by the amount of damages which would have otherwise been mitigated.

12. Plaintiff's claims for damages are barred, in whole or in part, by offset, payment, or compensation and benefits she has received.

13. To the extent necessary, Defendant invokes all applicable damage caps or limitations.

14. Plaintiff has failed to allege facts sufficient to give rise to a claim for punitive, exemplary, or liquidated damages.

15. Plaintiff is not entitled to punitive damages in that Defendant has acted at all times in good faith to comply with all applicable laws prohibiting discrimination and has not acted willfully, deliberately, intentionally, outrageously, or with an extreme indifference to the rights of Plaintiff, and that even if a court or jury were to find a violation of applicable laws, Defendant will show that such action was contrary to its policies, and, thus, Plaintiff is not entitled to punitive damages on the law or the facts.

16. Any claim for punitive damages in this case would be grossly out of proportion to the severity of its alleged conduct, bear no rational relationship to claimed compensatory damages, and would be otherwise unconstitutional under the Constitutions of the United States and State of Texas.

17. Upon discovery of sufficient facts, Defendants' reserve the right to raise the defenses of "unclean hands" or "after-acquired evidence."

## RESERVATION OF DEFENSES

Defendant reserves the right to file such additional defenses as may become apparent during the course of discovery.

WHEREFORE, Defendant respectfully prays that Plaintiff take nothing by way of this lawsuit, that it be awarded its costs, and for such other and further relief, at law or in equity, to which it may be entitled.

Respectfully submitted,

*/s/ John E. Duke*
Lara C. de Leon
State Bar No. 24006957
ldeleon@constangy.com
John E. Duke
Texas Bar No. 24095764
jduke@constangy.com
Constangy, Brooks, Smith & Prophete, LLP
8911 N. Capital of Texas Highway
Building 3, Suite 3350
Austin, Texas 78759
(512) 382-8802 Phone / (512) 382-8801 FAX

**ATTORNEYS FOR DEFENDANT AMERICAN LANDMARK MANAGEMENT, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of July, 2021, a true and correct copy of the foregoing document has been served upon the following counsel of record via the Court's Electronic Filing System:

Michael V. Galo, Jr.
mgalo@galolaw.com
GALO LAW FIRM, P.C.
4230 Gardendale, Building 401
San Antonio, Texas 78229

*/s/ John E. Duke*
John E. Duke