IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALYSSA COLA | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 5:21-cv-00555 |
| AMERICAN LANDMARK MANAGEMENT, LLC, | § § § § | |
| Defendants. | § § | |

## JOINT FED. R. CIV. P. 26(f) REPORT

1. Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction, do the parties agree that the amount in controversy exceeds $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.

   **There are no outstanding jurisdictional issues.**

2. Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?

   **There are no unserved parties.**

3. What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?

   **<u>Plaintiff</u>: Plaintiff asserts a claim for disability discrimination under the Americans with Disabilities Act (ADA) as amended, and the Texas Commission on Human Rights Act (TCHRA).**

   **<u>Defendant</u>: Defendant denies that it discriminated against Plaintiff in violation of the ADA or TCHRA. Rather, all decisions and actions regarding Plaintiff's employment with Defendant were done in the exercise of proper managerial discretion, in good faith, and based on legitimate, non-discriminatory, non-retaliatory, reasonable business reasons.**

4. Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?

>   **The parties agree that the Court has subject matter jurisdiction over this case. The Parties will revisit the question of whether they can stipulate to any facts as discovery progresses.**

5. State the parties' views and proposals on all items identified in Fed. R. Civ. P. 26(f)(3).

   **Initial disclosures under Rule 26(a) will be made by September 10, 2021.**

   **Subjects in which discovery may be needed include: Plaintiff's alleged disability and circumstances surrounding Plaintiff's termination from employment. The parties propose discovery be concluded by May 16, 2022. There should be no need for phased, limited, or focused discovery on particular issues.**

   **There currently are no issues about disclosure, discovery, or preservation of electronically stored information, including form(s) in which it should be produced.**

   **There currently are no issues about claims of privilege or of protection as trial preparation materials.**

   **The parties do not anticipate the need for any changes in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules of the Western District of Texas.**

   **The parties agree that they may serve pleadings and documents on one another via e-mail, and further agree to accept electronic service of documents related to this case in accordance with Federal Rule of Civil Procedure 5(b)(2)(E).**

   **There are no other orders that the court should issue at this time under Rule 26(c) or under Rule 16(b) and (c).**

6. What, if any, discovery has been completed? What discovery remains to be done? Have the parties considered conducting discovery in phases?

   **No discovery has been conducted thus far. Written discovery and oral depositions will be required in this case. Phased discovery is not warranted for this case.**

7. What, if any, discovery disputes exist?

   **There currently are no discovery disputes.**

8. Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?

**The parties do not believe that an order under Rule 502 is necessary at this time.**

9. Have the parties discussed mediation?

    **Mediation would not be appropriate until discovery has been completed.**

Respectfully submitted,

*/s/ Michael V. Galo, Jr.*
Michael V. Galo, Jr.
State Bar No. 00790734
GALO LAW FIRM, P.C.
4230 Gardendale, Bldg. 401
San Antonio, Texas 78229
T: (210) 616-9800
F: (210) 616-9898
E: mgalo@galolaw.com
ATTORNEY FOR PLAINTIFF

*/s/ John E. Duke   w/ Permission*
Lara C. de Leon
State Bar No. 24006957
John E. Duke
State Bar No. 24095764
Constangy, Brooks, Smith & Prophete, LLP
8911 N. Capital of Texas Highway
Building 3, Ste. 3350
Austin, Texas 78759
T: 512-382-8802
F: 512-382-8801
ATTORNEYS FOR DEFENDANT
AMERICAN LANDMARK MANAGEMENT, LLC