IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALYSSA COLA, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. SA-21-CV-555-FB |
| AMERICAN LANDMARK MANAGEMENT, LLC, | § § § § | |
| Defendant. | § | |

### ORDER DISMISSING CASE AND JUDGMENT

The Court has considered the status of the above styled and referenced cause. On February 23, 2022, Plaintiff's counsel of record filed a motion with the Court seeking permission to withdraw as attorney of record because over the last several months, counsel had repeatedly attempted to engage Ms. Cola via phone and email, but Plaintiff was unwilling to meet or meaningful confer with counsel to prepare responses to written discovery propounded by the Defendant. Counsel advised further that he advised Ms. Cola that if she did not contact him to discuss how they could move forward in this case, he would have no option but to withdraw. Ms. Cola did not respond. As a result, counsel explained to the Court that he believes he can no longer effectively represent the Plaintiff and mailed her a letter of his intent to withdraw and advised her right of her to object to his request to withdraw.

Receiving no response or objection to the Motion to Withdraw from the Plaintiff, the Court entered an Order Granting Plaintiff's Counsel's Motion to Withdraw and Order Requiring Advisory from the Plaintiff by May 27, 2022 (docket #20), allowing counsel to withdraw and ordering that:

> plaintiff Alyssa Cola **shall file** an advisory with the Court on or before **Friday, May 27, 2022,** indicating how she intends to proceed or have her new counsel file a notice of appearance on or before May 27, 2022. If plaintiff intends to proceed *pro se*, she shall keep the Court apprized of her current address. Plaintiff is hereby **ADVISED that her failure to comply with this order by the May 27, 2022, deadline will result in the DISMISSAL of her case** against the defendant for failure to prosecute and/or failure to comply with a Court order.

Order Granting Plaintiff's Counsel's Motion to Withdraw and Order Requiring Advisory from the Plaintiff, docket #20 at pages 2-3. Inadvertently, the Clerk of Court did not forward a copy of the

order to Plaintiff as directed. Therefore, on June 3, 2022, the Court issued an Order Requiring Advisory from the Plaintiff by June 20, 2022 (docket #22), containing the same language as set forth above but changing the response date to June 20, 2022, as set forth in the title. The Clerk of Court sent the Order by email and by regular and certified mail, return receipt requested, but to date, no response to the Order Requiring Advisory has been filed.[1]

Because the Plaintiff has failed to comply with the Order and has not attempted to contact the Court in any way since the withdrawal by her attorney to check on the status of her case, the Court finds this case should be dismissed for failure to prosecute and/or failure to comply with a court order pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *Hickman v. Fox Television Station, Inc.*, 231 F.R.D. 248, 252 (S.D. Tex. 2005) ("Rule 41(b) of the Federal Rules of Civil Procedure permits a district court to dismiss a case for want of prosecution or failure to comply with a court order. The court's authority in this regard stems from its inherent power to control its docket and prevent undue delays in the disposition of pending cases.").

Accordingly, IT IS HEREBY ORDERED, ADJUDGED and DECREED that this case is DISMISSED WITHOUT PREJUDICE pursuant to FED. R. CIV. P. 41(b) for failure to comply with this Court's order and for failure to prosecute. IT IS FURTHER ORDERED that motions pending, if any, are also DISMISSED, and this case is now CLOSED.

It is so ORDERED.

SIGNED this 30th day of June, 2022.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE

---

[1] The Court presumes that the Plaintiff received a copy of the first Order granting the Motion to Withdraw and setting the May 27 deadline for an advisory because counsel for the Plaintiff was ordered to "immediately notify Alyssa Cola in writing of [that] order and of any additional settings or deadlines of which Michael Galo now has knowledge and of which he has not already notified Alyssa Cola." (Docket #20 at page 2). However, out of an abundance of caution, the Clerk of Court was ordered to send a copy of the Order Requiring Advisory to Plaintiff via email and by regular and certified mail to ensure the Plaintiff received it. The Clerk complied with that order on June 3, 2022 (docket #23).